**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| STANLEY JONES, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: GJH-20-3225 |
| CARRIE M. WARD, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Stanley and Debra Jones bring this civil action against Defendants Carrie M. Ward, BWW Law Group ("BWW"), and Nationstar Mortgage ("Nationstar"). ECF No. 1. Pending before the Court are Plaintiffs' Motion for Non-Judicial Temporary Restraining Order, Permanent Injunction & Demand for an Emergency Hearing, ECF No. 4; Plaintiffs' Motion to Challenge Jurisdiction of Eviction Court, ECF Nos. 2 & 5; Defendant BWW's and Defendant Ward's Motion to Dismiss, ECF No. 7; Plaintiffs' Motion Requesting Emergency Hearing, ECF No. 13; Plaintiffs' Motion for Extension of Time to File Response to Defendants' Motion to Dismiss, ECF No. 15; Defendant Nationstar's Motion for Extension of Time to File Response to Complaint, ECF No. 22; Plaintiffs' Motion for Rule 11 Sanctions, ECF No. 25; and Defendant Nationstar's Motion to Dismiss, ECF No. 31. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiffs' Motions to Challenge Jurisdiction, Motions for an Emergency Hearing and Injunction, and Motion for Rule 11 Sanctions are denied. Plaintiffs' and Defendant Nationstar's Motions for Extension of Time and Defendants' Motions to Dismiss are granted.

1

## I. BACKGROUND[1]

### A. State Foreclosure Action

Plaintiffs' claims relate to a state foreclosure action on real property that they owned located at 2322 Springdale Lane, Waldorf,[2] MD 20603. ECF No. 12 at 1.[3]

According to the Complaint, Plaintiffs "purchased a home and obtained a mortgage loan from PHH Mortgage Corporation in the approximate amount of $203,000.00" in August 2000. ECF No. 12 at 9. However, "[t]he plaintiff was never provided a loan; the original debt was actually zero because the plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange." *Id.* Plaintiffs allege procedural defects in the handling of the promissory note, including that it was not secured by a maritime lien. *See id.* at 9–11.

On April 9, 2007, Plaintiffs refinanced the original PHH note and executed an Interest First™ Adjustable Rate Note in the amount of $374,000.00, naming PHH Mortgage Corporation as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *See* ECF No. 12-2; *see also* ECF No. 12-6 at 3. The note was allegedly secured by a Deed of Trust dated April 9, 2007, and recorded among the land records of Charles County, Maryland. ECF No. 12-2. The note appears to have changed hands several times afterward, although it is not clear from the record exactly when or how.

---

[1] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Although Plaintiffs state the Property is located in Waldorf, Maryland, *see* ECF No. 12 at 1, documents attached to the Complaint state that the Property is located in Saint Charles, Maryland, *see, e.g.*, ECF No. 12-2 at 4.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Additionally, after this action was consolidated with another (GJH-20-3227), Plaintiff refiled the original Complaint, ECF No. 1, with Plaintiff Debra Jones' signature on January 19, 2021, ECF No. 12. The Court cites to ECF No. 12 but notes that the pleadings are identical except for the additional signature.

According to a later filing by Plaintiffs, on May 17, 2010, they entered into a Loan Modification Agreement with lender CitiMortgage, Inc. under the Home Affordable Modification Program. ECF No. 23 at 3; ECF No. 23-2 at 2–10.[4] In their Complaint, Plaintiffs allege that they "made timely payments to [Defendant] Nationstar Mortgage and CitiMortgage"—it is not clear when Defendant Nationstar became involved—from November 2010 through February 2013. ECF No. 12 at 12. However, in "early 2013," Defendant Nationstar claimed Plaintiffs were behind on payments and hired Defendant BWW to begin foreclosure proceedings. *Id.* According to documents attached to Defendant BWW's Motion to Dismiss, a Notice of Intent to Foreclose was sent on March 20, 2013. ECF No. 7-3 at 68, 71.[5] The Notice of Intent, one of the attached documents, states that the mortgage lender is PHH Mortgage Corporation, that the secured party is Federal National Mortgage Association, and the loan servicer is Defendant Nationstar. *Id.* at 74. Plaintiffs sent a letter to Defendant Nationstar dated April 24, 2014, disputing the debt, stating that "[t]he original lender under the Deed of Trust/Mortgage is PHH Mortgage," and "[t]here is no chain of title naming Nationstar Mortgage as the real party of interest or holder of the negotiable instrument." ECF No. 12-4 at 2.

A Notice of Default was issued on June 10, 2014, ECF No. 12 at 12, and on June 13, 2014, the substitute trustees—Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Pratima

---

[4] Although parties generally may not amend their pleadings through responses to motions to dismiss, to avoid inviting a futile amendment, and in light of Plaintiffs' *pro se* status, the Court will consider these additional allegations for the purpose of this Motion.

[5] "In reviewing a motion to dismiss, the court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic." *Lara v. Suntrust Mortg. Inc.*, No. CV DKC-16-0145, 2016 WL 3753155, at *1 (D. Md. July 14, 2016) (citing *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see also Brown v. Ocwen Loan Servicing, LLC*, No. CV PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x 200 (4th Cir. May 6, 2016) ("A court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment."); *Capel v. Countrywide Home Loans, Inc.*, No. CV WDQ-09-2374, 2010 WL 457534, at *1 (D. Md. Feb. 3, 2010) ("State court filings are matters of public record."). The Court may thus consider this document as well as others cited here that were filed in the state foreclosure action.

Lele, Tayyaba C. Monto, Joshua Coleman, Richard R. Goldsmith, Jr., and Ludeen McCartney-Green—filed the Order to Docket Foreclosure against the Property in the Circuit Court for Charles County, *see* ECF No. 7-3 at 1; *see also id.* at 19. Plaintiffs allege various defects in the foreclosure process. Although difficult to decipher, the allegations include: Defendant Ward "misrepresented herself to the court as a licensed attorney," ECF No. 12 at 3, 5; the Notice of Default was improperly signed by a party "that did not have standing" and is therefore void, *id.* at 4–7; and the Notice of Default "failed to provide the original promissory note to verify there was a debt," ECF No. 13 at 4. Plaintiffs elaborate in a later filing that Plaintiffs' lender was CitiMortgage at the time of the foreclosure sale and that Plaintiffs were not "under any contractual obligation with PHH Mortgage, purported lender, or Nationstar Mortgage, purported servicer," ECF No. 23 at 3, seemingly contradicting their assertion in the April 24, 2014 letter that PHH Mortgage Corporation was the lender. *See* ECF No. 12-4 at 2.

A non-judicial foreclosure auction was held on April 25, 2017. *See* ECF No. 12 at 12; *see also* ECF No. 7-5. The Circuit Court entered an order ratifying the sale on June 13, 2017. ECF No. 7-6.

**B. Prior Actions**

On August 11, 2014, about a month after the Notice of Default was issued, Plaintiffs filed suit against Defendant Nationstar in the Circuit Court for Charles County. *See Jones v. Nationstar*, Case No. 8:14-cv-02888-PJM, ECF No. 1 at 1.[6] The action was subsequently removed to this Court, and the Court dismissed Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claim with prejudice and dismissed Plaintiffs' Fair Debt Collection Practices Act

---

[6] A district court may "properly take judicial notice of its own records." *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990).

4

("FDCPA") claim and state law claims without prejudice. *See Jones v. Nationstar*, ECF Nos. 34 & 36. Plaintiff Stanley Jones, in an affidavit attached to the Complaint in the present action, "solemnly swear[s]" that Judge Peter Messitte "decided that the defendants had no standing to foreclos[e]" on June 22, 2015, ECF No. 12 at 18, attaching Judge Messitte's order, ECF No. 12-5. The Court has reviewed the docket from that case, and Judge Messitte did not decide that Defendant Nationstar lacked standing to foreclose in the June 22 order—the order simply granted Plaintiffs' Motion for Leave to File an Amended Complaint—or in any other order issued in that action.

On June 29, 2015, Plaintiffs filed another suit in the Circuit Court for Charles County, alleging "fraud, theft, forgery, and predatory lending" against CitiMortgage, Inc. related to the 2010 Modification Agreement. *See Jones v. CitiMortgage, Inc.*, Case No. 8:15-cv-02287-PJM, ECF No. 1 at 1; *Jones v. CitiMortgage, Inc.*, ECF No. 20 at 4. Again, the case was removed to this Court, *see Jones v. CitiMortgage, Inc.*, ECF No. 1, and this time, it was dismissed with prejudice on March 30, 2016. *See Jones v. CitiMortgage, Inc.*, ECF Nos. 20 & 21.

On March 10, 2016, Plaintiff filed suit against Defendants Nationstar and BWW in the Circuit Court for Charles County, bringing claims of wrongful foreclosure, fraud, "emotional stress," slander of title, and quiet title. *See* ECF No. 31-11 at 4; ECF No. 31-12. The court dismissed the complaint on November 14, 2016. *See* ECF No. 31-11 at 9.

On April 25, 2017, the Property was sold at a foreclosure sale. ECF No. 7-5. And, on June 13, 2017, the Circuit Court entered an order ratifying the sale. ECF No. 7-6. The Circuit Court subsequently denied various additional challenges to the sale. *See* ECF No. 7-4 at 10–13.

On February 3, 2020, Plaintiffs filed another complaint in the Circuit Court for Charles County against Defendant Nationstar, PHH Mortgage Corporation, and other defendants

alleging: lack of standing to foreclose, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, quiet title, declaratory relief, violations of the Truth in Lending Act ("TILA"), violations of RESPA, and rescission. ECF No. 31-16; *see also* ECF No. 31-17 at 5. A hearing was held on June 23, 2020. *See* ECF No. 31-17 at 10. Plaintiffs filed a Notice of Appeal on July 23, 2020. *See id.*

### C. Procedural History in Instant Action

On November 6, 2020, Stanley Jones and Debra Jones filed dual actions in this Court. *See* ECF No. 1; ECF No. 3. The first action (GJH-20-3225) listed only Stanley Jones as Plaintiff. *See* ECF No. 3 at 1. The second action (GJH-20-3227) listed both Stanley Jones and Debra Jones as Plaintiffs, but only Stanley Jones had signed the complaint. *See id.* Both actions name the same Defendants—Carrie M. Ward, BWW, and Nationstar—and raise claims pertaining to the handling of a foreclosure action pending in state court that names both Stanley Jones and Debra Jones as Defendants. *See id.* Accordingly, this Court ordered that the two actions be consolidated, that GJH-20-3227 be closed, and that Debra Jones sign and file a complaint in GJH-20-3225, *id.* at 3–4, which she did on January 19, 2021, ECF No. 12.

Plaintiffs' Complaint alleges eight causes of action: (i) wrongful foreclosure; (ii) violation of the FDCPA; (iii) violation of the TILA; (iv) breach of contract; (v) violation of "Federal Trust and Lien Laws"; (vi) slander of title; (vii) slander of credit; and (viii) intentional or negligent infliction of emotional distress. ECF No. 12 at 16. In a later filing, Plaintiff appeared to add "Federal Wire Fraud" and RICO claims. ECF No. 13 at 6, 11.

On December 28, 2020, Plaintiffs filed a Motion for Non-Judicial Temporary Restraining Order, Permanent Injunction & Demand for an Emergency Hearing. ECF No. 4. On the same day, Plaintiffs filed a Motion to Challenge Jurisdiction of Eviction Court. ECF No. 5; *see also*

ECF No. 2. On January 19, 2021, Plaintiffs filed a second Motion for Emergency Hearing, nearly identical to the first. ECF No. 13. Defendants BWW and Ward opposed Plaintiffs' Motions, ECF Nos. 8 & 14, and Defendant Nationstar later adopted and incorporated by reference those oppositions, ECF No. 32.

On January 12, 2021, Defendants BWW and Ward filed a Motion to Dismiss for Failure to State a Claim. ECF No. 7. On January 29, 2021, Plaintiffs moved for an extension of time to respond to Defendants' Motion to Dismiss, ECF No. 15, which this Court grants.[7] Plaintiffs then filed their Opposition to the Motion to Dismiss on February 4, 2021. ECF No. 19.[8] Defendants BWW and Ward replied in support of their Motion to Dismiss on February 9, 2021. ECF No. 20. Plaintiff then filed a sur-reply without requesting leave on February 16, 2021, ECF No. 23, and a Motion for Rule 11 Sanctions on February 17, 2021, ECF No. 25. Defendants BWW and Ward responded to both filings on February 19, 2021, ECF No. 24; ECF No. 26; *see also* ECF No. 32 (filed by Defendant Nationstar adopting other Defendants' oppositions).

On February 9, 2021, Defendant Nationstar filed a Motion for Extension of Time to File Response to the Complaint, ECF No. 22, which this Court grants. Defendant Nationstar then filed a Motion to Dismiss the Complaint for Failure to State a Claim on March 5, 2021. ECF No. 31. Plaintiffs responded on April 6, 2021, ECF No. 34, and Defendant Nationstar replied on April 19, 2021, ECF No. 35. Plaintiffs filed a sur-reply without requesting leave on March 5, 2021. ECF No. 36.

---

[7] Defendants Ward and BWW responded to Plaintiff's Motion to Extend on February 4, 2021, disputing its claims that Plaintiffs were not properly served with Defendants' Motion to Dismiss and noting that Plaintiffs' Motion requested an extension of an unspecified duration. ECF No. 18. Nevertheless, Defendants stated that they did not oppose an extension and suggested 30 days. *Id.*

[8] The Opposition did not respond to the substance of the Motion to Dismiss, instead arguing that Defendant BWW is a corporation and therefore unable to represent itself. *See* ECF No. 19. However, because Defendant BWW is a law firm represented in this case by its attorneys, this argument is without merit.

7

## II. STANDARD OF REVIEW

Defendants move to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

The Fourth Circuit has held that affirmative defenses may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint." *Andrews v. Daw*, 201 F.3d 521, 524 (4th

Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). However, "when entertaining a motion to dismiss on the grounds of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Id.*; *see also Lara v. Suntrust Mortgage Inc.*, No DKC-16-0145, 2016 WL 3753155, at *1 n.1, *6 (D. Md. July 14, 2016) (considering "relevant documentation regarding the Property and the foreclosure proceeding and sale" attached by the defendants to a motion to dismiss to substantiate a *res judicata* defense).

Finally, *pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Dismissal of a pro se complaint for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Spencer v. Earley*, 278 F. App'x 254, 259–60 (4th Cir. 2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (emphasis in *Spencer*). However, despite this liberal construction requirement, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beauciett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

### III. DISCUSSION

#### A. Motion to Dismiss

The primary argument put forward by Defendants is that Plaintiffs' claims are barred by the doctrine of *res judicata*. "Res judicata . . . bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel Co. v. Wilson*,

519 F.3d 156, 161 (4th Cir. 2008) (citing *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). Additionally, when a federal court litigant asserts a *res judicata* defense based on a state court judgment, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Here, the foreclosure action took place in Maryland. Under Maryland law, *res judicata*, or claim preclusion, applies when (1) "the parties in the present litigation are the same or in privity with the parties in the earlier dispute;" (2) "the claim presented in the current action is identical to the one determined in the prior adjudication;" and (3) "there has been a final judgment on the merits." *Laurel Sand & Gravel Co.*, 519 F.3d at 161 (citing *Anne Arundel County Bd. of Educ. v. Norville*, 390 Md. 93, 887 A.2d 1029, 1037 (2005)).

1. **Parties Same or In Privity**

The parties in the present case are in privity with the parties in the state court foreclosure action. "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *Jones v. HSBC Bank USA, N.A.*, No. RWT-09-2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (quoting *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F. Supp. 2d 566, 572–73 (D. Md. 2000)). Plaintiffs, Defendant Carrie Ward, and other substitute trustees were the parties to the foreclosure action. Additionally, Defendant BWW, as the law firm of the substitute trustees, and Defendant Nationstar, as the loan servicer, are in privity with the substitute trustees. *See Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (finding servicer in privity with substitute trustees); *Womack v. Ward*, No. DKC-17-3634, 2018 WL 3729038, at *3 (D. Md. Aug. 6, 2018), *aff'd*, 755 F. App'x 262 (4th Cir. 2019) (finding substitute trustees, BWW Law Group attorneys, in privity with loan

10

servicer and with BWW Law Group). Because the parties in this suit are either the same or in privity, the first element of claim preclusion has been satisfied. *See Jones*, 2011 WL 382371, at *5 (finding that "because all defendants share a mutuality of interest with respect to the validity of the foreclosure judgment, the first element of the claim preclusion test is met").

### 2. Same Claims

Under Maryland law, courts apply the transaction test to determine whether claims are identical. *See Kent Cty. Bd. of Educ. v. Bilbrough*, 309 Md. 487, 525 A.2d 232, 238 (1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 145 Md. App. 635, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman*, 354 Md. 472, 731 A.2d 916, 928 (1999)). Therefore, *res judicata* bars not only claims from the original litigation, but also other claims that could have been brought in the original litigation. *Id.* at 326 (citing *Gertz v. Anne Arundel Cty.*, 339 Md. 261, 661 A.2d 1157, 1161 (1995)). Additionally, "Maryland courts and this Court, applying Maryland law, have consistently held that *res judicata* bars collateral attacks on foreclosure judgments entered in the Circuit Courts." *Jones v. HSBC Bank USA, N.A.*, No. RWT-09-2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011), *aff'd*, 444 F. App'x 640 (4th Cir. 2011) (listing cases).

As stated above, Plaintiffs' Complaint alleges eight causes of action: (i) wrongful foreclosure; (ii) violation of the FDCPA; (iii) violation of the TILA; (iv) breach of contract; (v) violation of "Federal Trust and Lien Laws"; (vi) slander of title; (vii) slander of credit; and (viii) intentional or negligent infliction of emotional distress. ECF No. 12 at 16. In a later filing, Plaintiff appeared to add "Federal Wire Fraud" and RICO claims. ECF No. 13 at 6, 11. All of

these claims stem from the allegedly wrongful foreclosure on real property that Plaintiffs owned located at 2322 Springdale Lane, Waldorf, MD 20603. Thus, the state court foreclosure action and the present case relate to the same transaction or occurrence, and all of the claims brought in this suit were or could have been brought in the state action. *See Betskoff v. Diane S. Rosenberg & Assocs., LLC*, No. PWG-18-2133, 2019 WL 3869284, at *4 (D. Md. Aug. 16, 2019), *aff'd*, 796 F. App'x 814 (4th Cir. 2020) (finding the plaintiff's FDCPA and state law claims barred where "the state court Foreclosure Action and the present case relate to the same transaction or occurrence: [the plaintiff]'s mortgage loan and subsequent loss of his Property through foreclosure"); *Bullock v. Ocwen Loan Servicing, LLC*, No. PJM-14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015) (finding that because the plaintiff's FDCPA and RESPA "statutory claims [we]re premised on [the plaintiff's] contention that the Defendants lacked the legal authority to enforce the note and deed of trust," the claims arose out of the same series of transactions as the state foreclosure action and were barred); *McCreary v. Beneficial Mortg. Co. of Md.*, No. AW-11-CV-01674, 2011 WL 4985437, at *4 (D. Md. Oct. 18, 2011) (dismissing on *res judicata* grounds the plaintiff's claims, *inter alia*, for fraud, fraudulent misrepresentation, and intentional infliction of emotional distress, as "Plaintiff had a fair opportunity to present claims against Defendants during the prior foreclosure proceedings"). Thus, Defendants have satisfied the second element of claim preclusion.

### 3. Final Judgment on the Merits

The Property was sold through the foreclosure action on April 25, 2017, and the Circuit Court entered an order ratifying the sale on June 13, 2017. ECF No. 7-5; ECF No. 7-6. The ratification of sale constitutes a final judgment for preclusion purposes. *See McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013)

(noting "[t]he important ruling in foreclosure cases is the circuit court's ratification of the foreclosure sale[,]"as finalization of a foreclosure after a plaintiff has had the opportunity to raise any objections to the sale "is a final judgment on the merits" (quoting *Capel v. Countrywide Home Loans*, Nos. WDQ–09–2374, WDQ–09–2439, 2010 WL 457534, at *4 (D. Md. Feb. 3, 2010))). Additionally, "Maryland courts have held that pendency of an appeal does not affect the finality of a judgment for res judicata purposes." *Brown v. Ocwen Loan Servicing, LLC*, No. PJM-14-3454, 2015 WL 5008763, at *4 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x 200 (4th Cir. 2016) (*citing Campbell v. Lake Hallowell Homeowners Ass'n*, 157 Md. App. 504, 525, 852 A.2d 1029 (Md. Ct. Spec. App. 2004)). Therefore, there was a final judgment on the merits.

### 4. Fraud Exception

Plaintiffs argue that the doctrine of *res judicata* does not apply in cases in which "there is an alleged fraud underlying the original state court proceeding." ECF No. 34 at 5; *see also* ECF No. 23 at 15 (referencing Defendants' alleged "fraud on the court" and use of "deception in the form of document fraud to fool the state court and plaintiffs"). "It is true that 'fraud and illegality' are exceptions to the rule that 'a final ratification of sale is res judicata as to the validity of such sale.'" *Betskoff v. Diane S. Rosenberg & Assocs., LLC*, No. PWG-18-2133, 2019 WL 3869284, at *5 (D. Md. Aug. 16, 2019), *aff'd*, 796 F. App'x 814 (4th Cir. 2020) (quoting *Bassoff v. Treanor, Pope & Hughes P.A.*, No. RDB-14-3753, 2015 WL 8757651, at *8 (D. Md. Dec. 15, 2015)). However, Plaintiffs would need to "show extrinsic fraud, not intrinsic fraud" for this exception to apply. *Jones v. Rosenberg*, 178 Md. App. 54, 72, 940 A.2d 1109, 1119 (Md. Ct. Spec. App. 2008) (citing *Manigan v. Burson*, 160 Md. App. 114, 120, 862 A.2d 1037, 1041 (Md. Ct. Spec. App. 2004)).

The Maryland Court of Special Appeals has explained that "[f]raud is extrinsic when 'it actually prevents an adversarial trial but is intrinsic when it is employed during the course of the hearing which provides the forum for the truth to appear, albeit, the truth was distorted by the complained of fraud.'" *Id.* (quoting *Manigan*, 862 A.2d at 951). Maryland courts have cited forged documents and perjured testimony as examples of intrinsic fraud, while examples of extrinsic fraud include:

> Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side[.]

*Schwartz v. Merchants Mortg. Co.*, 272 Md. 305, 309, 322 A.2d 544, 547 (1974) (quoting *United States v. Throckmorton*, 98 U.S. 61, 95 (1878)).

Plaintiffs' allegations of fraud hinge on its assertions that Defendants presented fraudulent documents to the state court to misrepresent the true identity of the lender of the note. *See* ECF No. 23 at 15. Thus, as in *Betskoff*, Plaintiffs' "allegations of fraud in the documents offered to the state court during the Foreclosure Action do not prevent the doctrine of *res judicata* from barring relitigation of the final sale." No. PWG-18-2133, 2019 WL 3869284, at *5.

Accordingly, because all three elements of *res judicata* have been met, and the fraud exception does not apply, the claims pending in this Court against Defendants BWW, Nationstar, and Ward are barred and must be dismissed with prejudice.[9]

---

[9] Because the Court dismisses the action as barred by *res judicata*, it need not address Defendants' remaining arguments for dismissal of Plaintiffs' claims.

B. **Remaining Motions**

Plaintiffs filed a Motion to Challenge Jurisdiction of Eviction Court, ECF Nos. 2 & 5, apparently arguing that the eviction case against them in state court should either be stayed pending this action in federal court or dismissed so that Defendants can refile once the federal case has been resolved. *See* ECF No. 5 at 6. Plaintiffs' Motion for Non-Judicial Temporary Restraining Order, Permanent Injunction & Demand for an Emergency Hearing, ECF No. 4, and Plaintiffs' Motion Requesting Emergency Hearing, ECF No. 13, ask for the same relief—that the eviction be stopped pending resolution of this case. Because the Court has dismissed and closed this case, these motions are denied.[10]

Plaintiff also filed a Motion for Sanctions Pursuant to Rule 11, ECF No. 25, that reiterates the claims made in the Complaint and requests $3.5 million in sanctions against the attorneys who filed the foreclosure action in state court. The Court considered arguments made in the Motion for Sanctions to the extent they were relevant in evaluating Defendants' Motions to Dismiss. However, because Plaintiff does not request sanctions against Defendants' attorneys for conduct in this suit, the Motion for Sanctions is denied.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motions to Challenge Jurisdiction, ECF Nos. 2 & 5, Motions for an Emergency Hearing and Injunction, ECF Nos. 4 & 13, and Motion for Rule 11 Sanctions, ECF No. 25, are denied. Plaintiffs' and Defendant Nationstar's Motions for Extension

---

[10] Even had Plaintiffs' claims survived, their motions would have been denied, as they seek an injunction with respect to action by a state court. The Anti-Injunction Act states that a federal court cannot grant "an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Court cannot enjoin the state foreclosure proceedings because the "three specifically defined exceptions" do not apply to this case. *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *see Henry v. Aurora Loan Servs., LLC*, No. TDC-14-1344, 2016 WL 1248672, at *3 (D. Md. March 25, 2016).

of Time, ECF Nos. 15 & 22, and Defendants' Motions to Dismiss, ECF Nos. 7 & 31, are granted. A separate Order follows.

Date: July 8, 2021              ___/s/_____
                         GEORGE J. HAZEL
                         United States District Judge